IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PORT OF HOUSTON AUTHORITY | § | |
| | § | |
| *vs*. | § | C. A. NO. H – 10 – 1038 |
| | § | ADMIRALTY |
| JSW STEEL (USA) INC., *et al*. | § | |

## ORIGINAL   COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Port of Houston Authority files this Original Complaint against Defendants, JSW Steel (USA) Inc. ("JSW") and Hanjin Shipping Co., Ltd. ("Hanjin"), and, for causes of action, respectfully will prove by a preponderance of the credible evidence:

1.     This action arises from Defendants' failure to pay wharfage. Accordingly, the Court has original jurisdiction of this admiralty and maritime claim under 28 U.S.C. §1333(1).

2.     Plaintiff is a navigation district and a political division of the State of Texas under Article XVI, Section 59 of the Texas Constitution, with its principal place of business in Houston.  At all times material, Plaintiff was "a person engaged in the United States in the business of providing wharfage, dock, warehouse, or other terminal facilities in connection with a common carrier, or in connection with a

common carrier and a water carrier subject to subchapter II of chapter 135 of title 49"
and, as such, was a "marine terminal operator" as that term is defined in § 40102(14)
of the Ocean Shipping Reform Act of 1998 ("OSRA"), 46 U.S.C. §§ 40101 *et. seq*.

3.     At all times material, JSW was a Texas corporation with its principal
place of business in Baytown, engaged in the business of shipping, importing and/or
receiving cargos of steel and/or steel products at the Port of Houston. At all times
material, JSW was a "shipper" as that term is used in OSRA's § 40102(22).  JSW can
be served by its registered agent, Corporation Service Company, 701 Brazos, Suite
1050, Austin, Texas 78701.

4.     At all times material, Hanjin was a foreign corporation organized in the
Republic of Korea with its head office in Seoul, engaged in the business of owning,
chartering, managing and/or operating ocean going vessels, and directing those vessels
to and from the Port of Houston for the purpose of loading and discharging ocean
cargos.  At all times material, Hanjin was a "common carrier" and/or "ocean common
carrier" as those terms respectively are used in OSRA's § 40102(6) and § 40102(17).
Hanjin can be served by its registered agent, Grace Lee, 98221 Katy Freeway, Suite
350, Houston, Texas 77024.

5.     On or about November 21, 2007 and by its authorized agent, VessTech
Shipping Agency, Hanjin completed, signed and submitted to Plaintiff a written
"Berth Application and Acceptance of Financial Responsibility."  (Exhibit A)  In
doing so, Hanjin applied for and received from Plaintiff approval to berth the M/V

2

FURIA R at Plaintiff's public facilities located on the Houston Ship Channel designed for handling general cargo.  *Id.*  In doing so, Hanjin also expressly "AGREE[D] TO BE BOUND BY ALL RULES, REGULATIONS, TERMS, CONDITIONS AND CHARGES AS PUBLISHED IN THE PORT OF HOUSTON AUTHORITY TARIFF(S), INCLUDING ACCEPTANCE OF FINANCIAL RESPONSIBILITY THEREFOR."  *Id.*

6.    At all times material, Plaintiff "ma[d]e available to the public . . . a schedule of rates, regulations, and practices, including limitations of liability for cargo loss or damage, pertaining to receiving, delivering, handling, or storing property at its marine terminal" under OSRA's § 40501(f).  At all times material, that schedule was set forth in Plaintiff's Tariff No. 8 (the "Tariff").  At all times material, the Tariff provided, in pertinent part:

SUBRULE NO. 002

| | |
|---|---|
| <u>Agent or Vessel Agent</u> | Any party who acts on behalf of another party, including but not limited to, the party who submits the application to the PHA for a vessel's berth. |

.
.
.

SUBRULE NO. 030

| | |
|---|---|
| <u>User</u> | A User of the facilities or waterways covered by this tariff shall include, without limitation (1) parties or entities such as any vessel, rail carrier, lighter operator, trucker, shipper or consignee, freight handler, stevedore or other person owning or having custody of cargo moving over the |

3

facilities or waterways of the Port of Houston Authority, or who use or trespass upon any of the Port of Houston Authority waterways, properties, facilities, or equipment, or to whom or for whom any service, work, or labor is furnished, performed, done or made available by or on the waterways, properties or facilities of the Port of Houston Authority and (2) the agents, servants, representatives, and/or employees of said parties.

SUBRULE NO. 031

<u>Vessel</u>                    Every description of water craft or other artificial contrivance, whether self-propelled or non-self-propelled, used, or capable of being used, as a means of transportation on water, and shall include in its meaning the owner, disponent owner, and/or charterer thereof.

.

.

.

SUBRULE NO. 038          LIABILITY AND ARRANGEMENTS FOR PAYMENTS OF CHARGES

(a)     <u>General Provisions</u>

1.     The use of the waterways and facilities under jurisdiction of the Port Authority shall constitute a consent to the terms and conditions of this tariff, and shall evidence (i) an acknowledgement and warranty to the Port Authority of all Vessels, their owners and agents, and other Users of such waterways and facilities that such User(s) is or are liable and responsible for the payment of all charges specified herein, and (ii) an agreement to pay all such charges.

.

.

4

(b)   Deferred Payment

    (2)   Any amounts outstanding or invoices remaining unpaid 30 days past date of same is subject to an interest charge of 12% per annum, calculated daily, for each day over 30 days until paid, or until such amounts are unpaid 60 days past date of invoice, whereupon they shall be subject to an interest charge of 18% per annum, calculated daily, until paid.

.
.
.

SUBRULE NO. 039        BILLING, ASSESSMENT AND COLLECTION OF CHARGES

.
.
.

(c)   Terminal Charges and Wharfage Charges. The payment of all terminal and wharfage charges, set forth herein, shall be guaranteed to the Port Authority by the Vessel, notwithstanding that they are ultimately liabilities of the owner of the cargo, and the use of Port Authority facilities by the Vessel shall be deemed an acceptance and acknowledgement of this guarantee.  .   .   .

SUBRULE NO. 039-A        PORT SECURITY FEE

In order to fulfill its responsibilities for security, including but not limited to responsibilities mandated under the Maritime Transportation Security Act of 2002 and the US Coast Guard regulation 33 CFR 105, the Port of Houston Authority will assess against and collect from all Users of port premises .   .   ., services, or facilities, a Port Security Fee as set forth herein. Such fee, in the amount set forth below, shall be in addition to all other fees and charges due under this and other governing tariffs  .   .   .

Under OSRA's § 40501(f), the Tariff "is enforceable by an appropriate court as an implied contract without proof of actual knowledge of its provisions."

7.     On or before November 28, 2007, the M/V FURIA R arrived at the Plaintiff's City Dock No. 47.  On or about December 1, 2007, the M/V FURIA R discharged JSW's cargo of steel slabs over or onto the wharf at or near City Dock No. 47.

8.     Under the Tariff's express schedule of rates, regulations and practices then applicable, wharfage charges totaling $57,143.24 and security fees totaling $4,949.41 applied to the cargo, for which Defendants are jointly and severally liable.

9.     At all times material and in the regular course of its business activities, Plaintiff has kept a systematic record of the wharfage and security charges assessed. Additionally, under the Tariff's Subrule 038, the unpaid amounts of wharfage charges and security fees are subject to specified interest charges accruing daily, until paid.

10.     On various occasions, Plaintiff has presented Defendants with written demands for payment of the wharfage charges, security fees and accruing interest owed.  Despite receiving Plaintiff's repeated, written demands, Defendants have refused to pay any part of the amounts owed.

11.     It has become necessary for Plaintiff to employ the law firm of Sharpe & Oliver, L.L.P. to recover the unpaid wharfage charges, security fees and accruing interest owed.  Under Subrule 038(b)(7) of the Tariff and Tex.Civ.Prac. & Rem. Code § 38.001, Plaintiff also is entitled to recover its reasonable and necessary attorney fees and litigation costs from Defendants.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Port of Houston Authority prays that: process in due form of law according to the practices of this Honorable Court in causes of admiralty and maritime jurisdiction issue against the M/V FURIA R and her engines, tackle, apparel, etc.; all persons claiming an interest therein be required to appear and answer under oath, all and singular, the matters aforesaid; it have judgment for its damages, interest, and costs; the M/V FURIA R be condemned and sold to satisfy the damages aforesaid; and,

That this Honorable Court adjudge that the M/V FURIA R, *in rem*, and Defendants, JSW Steel (USA) Inc. and Hanjin Shipping Co., Ltd.. *in personam*, jointly and severally, are liable to Plaintiff for all unpaid wharfage charges, security fees, accruing interest and attorney fees as alleged, and all post–judgment interest, court costs and other relief, as justice and equity allow.

Respectfully submitted,

*SHARPE & OLIVER, L.L.P.*

By_____

Robert C. Oliver
State Bar No. 15255700
S. D. Texas No. 886
550 Westcott, Suite 230
Houston, Texas 77007–5096
Telephone:      (713) 864–2221
Facsimile:      (713) 864–2228

7

OF COUNSEL:

R. M. Sharpe, Jr.
State Bar No. 18129000
S. D. Texas No. 889

ATTORNEYS    FOR    PLAINTIFF

*PLEASE SERVE:*

**JSW Steel (USA) Inc.**
By Serving its Registered Agent:
Corporation Service Company
701 Brazos, Suite 1050
Austin, Texas 78701

**Hanjin Shipping Co., Ltd.**
By Serving its Registered Agent:
Grace Lee
98221 Katy Freeway, Suite 350
Houston, Texas 77024

# Exhibit A

# PORT OF HOUSTON AUTHORITY

### BERTH APPLICATION AND ACCEPTANCE OF FINANCIAL RESPONSIBILITY



|  | PHONE | FAX |
|---|---|---|
| TURNING BASIN/WOODHOUSE/JACINTOPORT/CARE | (713) 670-2675 | (713) 670-2697 |
| BARBOURS CUT | (281) 470-1800 | (281) 470-5523 |
| BULK MATERIALS HANDLING PLANT | (713) 453-3531 | (713) 466-6016 |
| HOUSTON PUBLIC GRAIN ELEVATOR #2 | (713) 671-7100 | (713) 671-7141 |
| BAYPORT | (281) 291-6000 | (281) 291-5047 |

THIS APPLICATION MUST BE SUBMITTED AS FAR IN ADVANCE OF THE DATE OF DOCKING AS POSSIBLE.  AGENT WILL PROMPTLY NOTIFY THE APPROPRIATE VESSEL SCHEDULING OFFICE OF ANY CHANGES IN THE INFORMATION SUPPLIED BELOW.  AGENTS ARE ADVISED THAT BLANK ENTRIES ON THIS FORM MAY RESULT IN REJECTION OF THIS BERTH APPLICATION BY THE PORT AUTHORITY. THE PORT OF HOUSTON AUTHORITY WILL NOTIFY AGENT OF UNACCEPTABLE APPLICATIONS.

### VESSEL PARTICULARS

| VESSEL OR BARGE NAME / VOYAGE NUMBER | FLAG | G.R.T. | L.O.A. | BEAM | MAX DRAFT |
|---|---|---|---|---|---|
| M/V FURIA R | MALTA | 27,011 | 662.09 | 101.9 | 35 FT / 09 IN |

| VESSEL OWNER/OPERATOR/CHARTERER/LINE | P & I CLUB / LOCAL CONTACT | LLOYDS NO. |
|---|---|---|
| HANJIN SHIPPING Co. | LAMORTE BURNS + Co. 281-335-9200 | 9119971 |

| EST. BOARDING DATE/TIME | EST. DEPARTURE DATE/TIME | BERTH REQUESTED/SHIFTS |
|---|---|---|
| 11-28-07   1500 LT | 12-3-07   2100 LT | CARE BERTH CITY DOCK 47/48 |

| INBOUND CARGO AND ESTIMATED TONS | STEEL SLABS   40,818,537 M/T |
|---|---|
| OUTBOUND CARGO AND ESTIMATED TONS | |

| APPOINTED STEVEDORE | COASTAL EMPIRE | • LAYBERTH | • LIGHTER | • FRESH WATER |
|---|---|---|---|---|

NOTE: Agents are advised that safety guidelines are set by the Pilots Association in regard to vessel length, draft, beam, air draft, and other factors that may affect the transit of the vessel on the Houston Ship Channel.  Please consult with the Pilots Association to determine if any restrictions apply.

In order to allow maximum start up efficiency for loading of bulk commodities at the Bulk Facilities, the vessel agent agrees that, prior to berth arrival, the vessel will have a maximum air draft of forty (40) feet at the Bulk Materials Handling Plant.  The air draft is calculated from the water line to the top of the hatch coaming.  Any ballast removed from the vessel after loading commences must be coordinated with the management at the Bulk Facility.  The vessel agent also agrees to shift at vessel's risk and expense as deemed necessary by the Bulk Facilities Terminal Manager to expedite cargo operations.

It is understood and agreed that ship officials will acknowledge cargo receipt at the Bulk Facilities by signing and releasing a clean Mate's Receipt immediately upon completion of loading.  For bulk shipments, quantity shall be determined by certified scale weight, railcar net weight or surveyor's weights.

THE UNDERSIGNED COMPANY, AGENTS FOR THE ABOVE-NAMED VESSEL OR BARGE, IN CONSIDERATION FOR APPROVAL OF THE BERTH APPLICATION, AGREES TO BE BOUND BY ALL RULES, REGULATIONS, TERMS, CONDITIONS AND CHARGES AS PUBLISHED IN THE PORT OF HOUSTON AUTHORITY TARIFF(S), INCLUDING ACCEPTANCE OF FINANCIAL RESPONSIBILITY THEREFOR.

Rev 03/02/07

| DATE OF APPLICATION | APPLICANT COMPANY NAME AND BILLING ADDRESS | PRINT NAME AND JOB TITLE | |
|---|---|---|---|
| 11-21-07 | VESSTECH SHIPPING AGENCY 5349 25TH STREET GROVES, TX 77619 | Name | JOHN O. BESWICK |
| | | Title | GENERAL MANAGER |
| | | Signature | John O. Beswick |

| PHA USE ONLY | APPROVED Subject to Availability | CREDIT OK | JOB NUMBER ASSIGNED 07110198 |
|---|---|---|---|